Carolee A. Hoover (SBN 282018)
Email: choover@reedsmith.com
Benjamin L. Wheeler (SBN 282728)
Email: bwheeler@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Defendants
Bank of America, N.A., and ReconTrust
Company, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MCMILLAN and SANDRA MCMILLAN, Husband and Wife,<br><br>         Plaintiffs,<br><br>      vs.<br><br>BANK OF AMERICA, N.A.; NATIONSTAR MORTGAGE, LLC; RECONTRUST COMPANY, N.A.; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE, OR ANY CLOUD ON PLAINTIFFS' TITLE THERETO, AND DOES 1-25, Inclusive,<br><br>         Defendants. | Case No.: 3:14-cv-01575-MMA-BLM<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[FED. R. CIV. P. 12(B)(6)]**<br><br>Date:      August 18, 2014<br>Time:     2:30 p.m.<br>Courtroom:  3A<br><br>Compl. Filed:  May 30, 2014<br><br>Honorable Michael M. Anello<br><br>*[Filed concurrently with Defendants' Request for Judicial Notice, and [Proposed] Order]*<br><br>[Defendants request telephonic appearance pursuant to Civil Local Rule 7.1(d)(2)] |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 18, 2014, at 2:30 p.m., in Courtroom 3A, in the above-entitled Court located at 221 West Broadway, San Diego, California 92101, Defendants Bank of America, N.A., and ReconTrust Company, N.A. ("Defendants") will and hereby does move this Court pursuant to Federal Rules of Civil Procedure 12(b)(6) for an order dismissing the Complaint of Plaintiff s Daniel McMillan and Sandra McMillan ("Plaintiffs"), and each claim for relief alleged therein against Defendants, on the ground that the Complaint fails to state any claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the operative complaint and pleadings on file with the Court in this matter, all matters of which this Court may properly take judicial notice, and any other evidence or oral argument as the Court may consider in connection with this Motion.

Defendants request to appear telephonically and will file a separate Request for Telephonic Appearance accordingly.

DATED: July 18, 2014              REED SMITH LLP

By____/s/ *Benjamin L. Wheeler*
Benjamin L. Wheeler
Attorneys for Defendants
Bank of America, N.A., and ReconTrust
Company, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 1 -

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................... 1

II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY ...................... 1

III.  STANDARD OF REVIEW ........................................................................ 2

IV.   LEGAL ARGUMENT ............................................................................... 3

    A.   Plaintiffs' Claim For Wrongful Foreclosure Fails ........................... 3

        1.   Plaintiffs May Not Preemptively Challenge Standing To Foreclose ................................................................................. 3

        2.   The Public Record Shows That Foreclosure Was Properly Initiated ...................................................................... 4

        4.   Plaintiffs Fail To Allege Tender Of The Amount Due On The Loan ........................................................................... 6

    B.   Plaintiffs' Fraud-Based Claims Are Time-Barred And Insufficiently Pleaded ................................................................... 6

        1.   Plaintiffs' Fraud-Based Claims Are Time-Barred ................... 7

        2.   Plaintiffs Fail To Meet The Heightened Pleading Standard For Fraud .......................................................... 7

        3.   Plaintiffs Have Failed To Allege Actionable Fraud ............... 8

        4.   Plaintiffs Also Fail To Allege Justifiable Reliance Or Damages ............................................................................ 9

    C.   Plaintiffs' Section 2923.5 Claim Fails Because Defendants Have No Interest In The Loan, And Plaintiffs Fail To Allege Prejudice ........................................................................... 10

        1.   Defendants Have No Interest In The Loan ........................... 10

        2.   Plaintiffs Fail To Allege Prejudice ...................................... 11

    D.   Plaintiffs Have Not Alleged Facts Establishing A Violation Of The Homeowner's Bill Of Rights ("HBOR") ........................... 12

        1.   The Statute Is Not Retroactive ........................................... 12

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- i -

## TABLE OF CONTENTS
### (CONTINUED)

**Page**

2. The Statute Does Not Impose A Duty To Modify Plaintiffs' Loan ................................................. 13

E. Plaintiffs Fail To State A Claim Under The Real Estate Settlement Procedures Act ("RESPA") ..................................... 14

F. Plaintiffs' Claim For Violation Of The Truth In Lending Act ("TILA") Is Time-Barred And Insufficiently Pleaded, Rescission Is Not Applicable To Residential Mortgage Loans, And Plaintiffs Fail To Allege Tender ..................................... 15

1. Plaintiffs' Claim Under TILA Is Time-Barred ............................. 15

2. The Remedy Of Rescission Under TILA Does Not Apply .............................................................. 17

3. Plaintiffs Do Not Allege Tender Of The Borrowed Funds ............................................................... 17

4. Plaintiffs' Claim Is Also Inadequately Pleaded ............................. 18

H. Plaintiffs' Claim For Rescission Is Time Barred, Fails For Lack Of Tender, And Is Insufficiently Pleaded ..................................... 20

I. Plaintiffs' Quiet Title Claim Fails For Lack Of Tender ......................... 21

J. Plaintiffs Fail To State A Claim For Either Declaratory Or Injunctive Relief .............................................................. 22

K. The UCL Claim Is Time-Barred And Insufficiently Pleaded ................. 23

1. Plaintiffs' UCL Claim Is Time-Barred ..................................... 23

2. Plaintiff Lacks Standing To Assert A UCL Claim ....................... 23

V. CONCLUSION ........................................................................ 25

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Cases**

*Abdallah v. United Sav. Bank,*
  43 Cal. App. 4th 1101 (1996)....................................................................6

*Abels v. Farmers Commodities Corp.,*
  259 F.3d 910 (8th Cir. 2001)....................................................................8

*Aetna Cas. & Surety Co. v. Indus. Accident Comm'n,*
  30 Cal. 2d 388 (1947)............................................................................12

*Aguilar v. Bocci,*
  39 Cal. App. 3d 475 (1974).....................................................................21

*Alicea v. GE Money Bank,*
  No. 09-0091, 2009 WL 2136969 (N.D. Cal. July 16, 2009)....................6

*Allen v. United Fin. Mortgage Corp.,*
  660 F. Supp. 2d 1089 (N.D. Cal. 2009) ................................................15

*Am. States Ins. Co. v. Kearns,*
  15 F.3d 142 (9th Cir. 1994)....................................................................22

*Arnolds Mgmt. Corp. v. Eischen,*
  158 Cal. App. 3d 575 (1985).....................................................................6

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) .............................................................................2

*Auerbach v. Great W. Bank,*
  74 Cal. App. 4th 1172 (1999)................................................................24

*Aydin Corp. v. Union of India,*
  940 F.2d 527 (9th Cir. 1991)..................................................................22

*Bascos v. Fed. Home Loan Mortg. Corp.,*
  Civil No. 11-39680-JFW (JCx), 2011 WL 3157063 (C.D. Cal. July 22, 2011).........5

*Beach v. Ocwen Fed. Bank,*
  523 U.S. 410 (1998)................................................................................16

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................................3

*Bennett v. Burg,*
  685 F.2d 1053, 1062 (8th Cir.), adhered to on reh'g, 710 F.2d 1361 (8th Cir. 1982).....8

*Branch v. Tunnell,*
  14 F.3d 449(9th Cir. 1994).......................................................................3

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*Brookwood v. Bank of Am.*,
45 Cal. App. 4th 1667 (1996)..................................................................................9

*Cataulin v. Wash. Mut. Bank, SFB*,
No. 08 CV 2419 JM (NLS), 2009 WL 648921 (S.D. Cal. Mar. 9, 2009)...............17

*Chabner v. United Omaha Life Ins. Co.*,
225 F.3d 1042 (9th Cir. 2000)...............................................................................25

*Clegg v. Cult Awareness Network*,
18 F.3d 752 (9th Cir. 1994)....................................................................................3

*Commercial Prop. v. Quality Inns*,
61 F.3d 639 (8th Cir. 1995)....................................................................................8

*County of Del Norte v. City of Crescent City*,
71 Cal. App. 4th 965 (1999)..................................................................................22

*Cox Communications PCS, L.P. v. City of San Marcos*,
204 F. Supp. 2d 1272 (S.D. Cal. 2002) ...............................................................22

*Coyotzi v Countrywide Fin. Corp.*,
No. 09-1036, 2009 WL 2985497 (E.D. Cal. Sept. 16, 2009)..................................8

*Cross v. Downey Sav. & Loan Ass'n*,
2009 WL 481482 (C.D. Cal. 2009) .........................................................................8

*Dore v. Arnold Worldwide, Inc.*,
39 Cal. 4th 384 (2006)...........................................................................................9

*Engalla v. Permanente Med. Group, Inc.*,
15 Cal. 4th 951 (1997)...........................................................................................9

*Evangelatos v. Superior Court*,
44 Cal. 3d 1188 (1988).........................................................................................13

*Fladeboe v. Am. Isuzu Motors, Inc.*,
150 Cal. App. 4th 42 (2007)..................................................................................10

*Gaitan v. Mortg. Elec. Registration Sys., Inc.*,
No. 09-1009 VAP (MANx),2009 WL 3244729  (C.D. Cal. Oct. 5, 2009)...............21

*Galbraith v. Cnty. of Santa Clara*,
307 F.3d 1119 (9th Cir. 2002)................................................................................3

*Garcia v. Wachovia Mortg. Corp.*,
No. 09-03925, 2009 WL 3837621 (C.D. Cal. Oct. 14, 2009)................................17

*Gill v. Rich*,
128 Cal. App. 4th 1254 (2005)..............................................................................18

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*Gilmore v. Am. Mortg. Network*,
2012 WL 6193843 (C.D. Cal. 2012) ............................................................5

*Gold Country Lenders v. Smith,*,
289 F.3d 1155 (9th Cir. 2002) ........................................................18, 19

*Goldrich v. Natural Y Surgical Specialties*,
25 Cal. App. 4th 772 (1994) ..................................................................7

*Gomes v. Countrywide Home Loans, Inc.*,
192 Cal. App. 4th 1149 (2011) .............................................................3

*Hamilton v. Bank of Blue Valley*,
746 F. Supp. 2d 1160 (E.D. Cal. 2010) ..............................................15

*Hamilton v. Greenwich Investors XXVI, LLC*,
195 Cal. App. 4th 1602 (2011) ...........................................................24

*Herrera v. Countrywide KB Home Loans*,
No. 10-0902 JF (HRL), 2010 WL 1839010 (N.D. Cal. May 4, 2010) ......16

*Howard Jarvis Taxpayers Ass'n v. City of La Habra*,
25 Cal. 4th 809 (2001) ..........................................................................23

*In re Marriage of Bouquet*,
16 Cal. 3d 583 (1976) ............................................................................13

*In re Tobacco II Cases*,
46 Cal. 4th 298 (2009) ...........................................................................25

*Javaheri v. JPMorgan Chase Bank*,
2012 WL 3426278 (C.D. Cal. 2012) .......................................................5

*Jenkins v. JP Morgan Chase Bank*,
216 Cal.App.4th 497 (2013) ...................................................................5

*Justice v. Countrywide Home Loans, Inc.*,
No. 05-008, 2006 WL 141746 (E.D. Tenn. Jan. 18, 2006) ...................18

*Kasky v. Nike, Inc.*,
27 Cal. 4th 939 (2002) ...........................................................................25

*Kelley v. Mortg. Elec. Registration Sys., Inc.*,
642 F. Supp. 2d 1048 (N.D. Cal. 2009) ..............................................21

*Keshtgar v. U.S. Bank, N.A.*,
172 Cal. Rptr. 3d 818 (2014) ..................................................................5

*Khoury v. Maly's of Cal.*,
14 Cal. App. 4th 612 (1993) .................................................................25

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Kim v. Sumitomo Bank,*
    17 Cal. App. 4th 974 (1993) ............................................................................9

*King v. California,*
    784 F.2d 910 (9th Cir. 1986) .........................................................................16

*Knapp v. Doherty,*
    123 Cal. App. 4th 76 (2004) ...........................................................................11

*Knox v. Modern Garage & Repair Shop,*
    68 Cal. App. 583 (1924) ..................................................................................9

*Laks v. Coast Fed. Savs. & Loan Ass'n.,*
    60 Cal. App. 3d 885 (1976) ............................................................................19

*Lane v. Vitek Real Estate Indus. Grp.,*
    713 F. Supp. 2d 1092 (E.D. Cal. 2010) ............................................................5

*Lazar v. Hertz Corp.,*
    69 Cal. App. 4th 1494 (1999) .........................................................................25

*Lazar v. Super. Ct.,,*
    12 Cal. 4th 631 (1996) ..................................................................................7, 8

*Lee v. Escrow Consultants, Inc.,*
    210 Cal. App. 3d 915 (1989) ...........................................................................7

*Lehner v. United States,*
    685 F.2d 1187 (9th Cir. 1982) ........................................................................11

*Mabry v. Superior Court,*
    185 Cal. App. 4th 208 (2010) ....................................................................11, 24

*Malcolm Bruce Burlingame Robertson,*
    96 Cal. App. 4th 884 (2002) ...........................................................................23

*Marks v. Chicoine,*
    No. 06-06806, 2007 WL 160992 (N.D. Cal. Jan. 18, 2007) ...........................18

*Maryland Cas. Co. v. Pac. Coal & Oil Co.,*
    312 U.S. 270, 61 S. Ct. 510 , 85 L. Ed. 2d 826 (1941) ...................................22

*McGlinchy v. Shell Chem. Co.,*
    845 F.2d 802 (9th Cir. 1988) ........................................................................2, 5

*McOmie-Gray v. Bank of Am. Home Loans,*
    667 F.3d 1325 (9th Cir. 2012) ........................................................................16

*Miguel v. Country Funding Corp.,*
    309 F.3d 1161 (9th Cir. 2002) ........................................................................16

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Miller v. Provost,*
26 Cal. App. 4th 1703 (1994)................................................................21

*Mirkin v. Wasserman,*
5 Cal. 4th 1082 (1993)..........................................................................9

*Moeller v. Lien,*
25 Cal. App. 4th 822 (1994)..................................................................4

*Monaco v. Bear Stearns Residential Mortg. Corp.,*
554 F. Supp. 2d 1034 (C.D. Cal. 2008)................................................15

*Navarro v. Block,*
250 F.3d 729 (9th Cir. 2001).................................................................2

*Neitzke v. Williams,*
490 U.S. 319 (1989) .............................................................................2

*NMSBPCSLDHB v. Cnty. of Fresno,*
152 Cal. App. 4th 954 (2007)..........................................................20, 21

*Nool v. HomeQ Servicing,*
653 F. Supp. 2d 1047 (E.D. Cal. 2009) ................................................14

*Nymark v. Heart Fed. Sav. & Loan Ass'n,*
231 Cal. App. 3d 1089 (1991) ...............................................................8

*Ottolini v. Bank of America,*
2011 WL 3652501 (N.D. Cal. Aug. 19, 2011)......................................24

*Paek v. Plaza Home Mortg., Inc.,* No. 09-1729,
2009 WL 1668576 (C.D. Cal. Jun. 15, 2009) .......................................14

*Pantoja v. Countrywide Home Loans, Inc.,*
640 F. Supp. 2d 1177 (N.D. Cal. 2009) .............................................6, 11

*Pedersen v. Greenpoint Mortg. Funding, Inc.,*
900 F.Supp.2d 1071 (E.D. Cal. 2012)....................................................5

*People v. Whaley,*
160 Cal. App. 4th 779 (2008)...............................................................13

*Perlas v. GMAC Mortg., LLC,*
187 Cal. App. 4th 429 (2010)................................................................8

*R&B Auto Ctr., Inc. v. Farmers Group, Inc.,*
140 Cal. App. 4th 327 (2006)...............................................................24

*Ramos v. Citimortgage, Inc.,*
No. 08-02250 WBS KJM, 2009 WL 86744 (E.D. Cal. Jan. 8, 2009).......16

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Richard P. v. Vista Del Mar Child Care Serv.,*
  106 Cal. App. 3d 860 (1980)............................................................9

*Rivera v. BAC Home Loans Servicing, LP,*
  No. C-10-02439RS, 2010 WL 2757041..........................................17

*Robinson v. Countrywide Home Loans, Inc.,*
  199 Cal. App. 4th 42 (2011)............................................................3

*Rosenthal v. Great W. Fin. Securities Corp.,*
  14 Cal. 4th 394 (1996)....................................................................9

*Rowland v. PaineWebber Inc.,,*
  4 Cal. App. 4th at 286.....................................................................9

*Schaller Tel. Co. v. Golden Sky Sys., Inc.,*
  298 F.3d 736, (8th Cir. 2002)..........................................................8

*Schulz v. Neovi Data Corp,,*
  152 Cal. App. 4th 86 (2007)..........................................................24

*Scripps,*
  108 Cal. App. 4th at 940................................................................25

*Security Indus. Bank,*
  459 U.S. at 79................................................................................13

*Smith v. State Farm Mut. Auto. Ins. Co.,*
  93 Cal. App. 4th 700......................................................................25

*Star Pac. Invs., Inc. v. Oro Hills Ranch, Inc.,*
  121 Cal. App. 3d 447 (1981)..........................................................20

*Stebley v. Litton Loan Servicing,*
  202 Cal. App. 4th 522....................................................................24

*Stephenson v. Argonaut Ins. Co.,*
  125 Cal. App. 4th 962 (2004)........................................................10

*Swanson v. EMC Mortg. Corp.,*
  2009 WL 3627925 (E.D. Cal. Oct. 29, 2009).................................14

*Tamburri v. Suntrust Mortg., Inc.,*
  2011 WL 6294472 (N.D. Cal. 2011)..............................................24

*Tapia v. Aurora Loan Services, LLC,*
  No. 09-01143, 2009 WL 2705853  (E.D. Cal. 2009)......................14

*Tarmann v. State Farm Mut. Auto. Ins. Co.,*
  2 Cal. App. 4th 153 (1991)..............................................................8

- viii -

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

*Turczynksi v. Friedman,*
No. CIV-S-07-0890 RRB GGH PS, 2007 WL 4556923 (E.D. Cal. Dec. 20, 2007) 17

*U.S. Cold Storage of Cal. v. Great W. Sav. & Loan Ass'n,*
165 Cal. App. 3d 1214 (1985) ................................................................. 6

*U.S. Ecology, Inc. v. State,*
129 Cal. App. 4th 887 (2005) ......................................................... 19, 20

*Wagner v. Benson,*
101 Cal. App. 3d 27 (1980) ...................................................................... 8

*Wilhelm v. Pray, Price, Williams & Russell,*
186 Cal. App. 3d 1324 (1986) .................................................................. 7

*Yamamoto v. Bank of N.Y.,*
329 F.3d 1167 (9th Cir. 2003) ............................................................... 17

*Yvanova v. New Century Mortgage Corp.,*
226 Cal. App. 4th 495 (2014) .................................................................. 5

**Statutes**

12 U.S.C. § 2605(f)(1)(A) ...................................................................... 14

15 U.S.C. § 1635(e)(1) ........................................................................... 17

15 U.S.C. § 1635(f) ................................................................................ 16

15 U.S.C. § 1640(a) ............................................................................... 18

15 U.S.C. § 1640(e) ............................................................................... 15

28 U.S.C. § 2201(a) ............................................................................... 22

Cal. Bus. & Prof. Code § 17204 ........................................................... 24

Cal. Bus. & Prof. Code § 17208 ........................................................... 23

Cal. Civ. Code § 1689(b)(1) ............................................................ 20, 21

Cal. Civ. Code § 1691 ........................................................................... 20

Cal. Civ. Code § 1709 ........................................................................... 10

Cal. Civ. Code § 2923.5 ................................................................... 10, 11

Cal. Civ. Code § 2923.5(a)(1) ............................................................... 11

Cal. Civ. Code § 2923.5(a)(2) ............................................................... 11

Cal. Civ. Code § 2923.5(g) ................................................................... 11

Cal. Civ. Code § 2924(a)(1) .................................................................... 4

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Cal. Civ. Code § 2924b(b)(4) ................................................................ 4

Cal. Civ. Code § 3 ................................................................................ 12

Cal. Civ. Code § 3515 .......................................................................... 18

Cal. Civ. Code §§ 2924-2924i ............................................................... 4

Cal. Civ. Code§ 2424 ........................................................................... 10

Cal. Civ. Proc. Code § 338(d) ............................................................... 7

Cal. Civ. Proc. Code § 526(a) ............................................................. 22

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................... 8

Fed. R. Civ. P.12(b)(6) .......................................................................... 2

**Regulations**

12 C.F.R. § 226.2(a)(13) ...................................................................... 16

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs Daniel McMillan and Sandra McMillan ("Plaintiffs") seek to enjoin any potential sale of their property, not because they dispute the fact that they are in default on their mortgage loan, but because they perfunctorily claim that Defendants Bank of America, N.A. ("BANA") and ReconTrust Company, N.A. ("ReconTrust") (collectively, "Defendants") did not have authority to initiate foreclosure on the property.  Aside from the majority of Plaintiffs' claims being time-barred, the publicly recorded documents to which Plaintiffs refer belie their insufficiently pleaded causes of action.  Further, Plaintiffs acknowledge that co-defendant Nationstar Mortgage, LLC ("Nationstar") is the current servicer of their loan, and the recorded documents confirm that Defendants are no longer involved in Plaintiffs' loan or the foreclosure proceedings.  As such, Defendants request their Motion to Dismiss be granted without leave.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 18, 2006, Plaintiffs obtained a $900,126 loan from BANA (the "Loan").  The Loan was secured by a Deed of Trust ("DOT") on property located at 2467 Cerro Sereno, El Cajon, California 92019 ("the Property").  Request for Judicial Notice ("RJN"), Exh. A.  The DOT names PRLAP, Inc. as trustee and BANA as beneficiary. *Id.*

On September 27, 2010, BANA issued an assignment of the beneficial interest to U.S. Bank, N.A., as Trustee for the Certificateholders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-H ("U.S. Bank") and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  substituted ReconTrust as trustee under the DOT ("SOT/ADOT").  RJN, Exh. B.  After

2  Plaintiffs failed to make payments on their Loan, the Notice of Default ("NOD") was

3  recorded on September 29, 2010, indicating they were $24,613.57 in arrears.  Compl.

4  Exh. B.  On January 3, 2011, ReconTrust recorded the first notice of trustee's sale (the

5  "First NTS"), showing an unpaid loan balance of $896,716.22.  Compl. Exh. C.  When

6  Plaintiffs failed to cure the delinquency on their Loan, the second notice of trustee's sale

7  (the "Second NTS") was recorded on January 11, 2012, showing that the unpaid loan

8  balance had increased to $951,733.67.  Compl. Exh. D.  Subsequently, on November 27,

9  2013, the a third notice of trustee's sale (the "Third NTS") was recorded, showing that

10  Plaintiffs allowed the amount owed to increase to $1,012,927.13.  Compl. Exh. E.

### III.    STANDARD OF REVIEW

12  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the

13  sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

14  Dismissal is warranted where the complaint lacks a cognizable legal theory, or where it

15  presents a cognizable legal theory yet fails to plead essential facts to support that theory.

16  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  While material allegations must be taken

17  as true, "conclusory allegations without more are insufficient to defeat a motion to

18  dismiss for failure to state a claim."  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810

19  (9th Cir. 1988).  Indeed, the Supreme Court recently confirmed the requirement that

20  pleadings must contain more than labels and unsupported conclusions, and emphasized

21  that conclusory allegations are not entitled to be assumed true.  *See Ashcroft v. Iqbal*, 129

1  S. Ct. 1937, 1949-52 (2009), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2  A court is not required to "accept legal conclusions cast in the form of factual allegations

3  if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult*

4  *Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Further, the court may consider

5  additional materials if the plaintiff has alleged their existence and if their authenticity is

6  not disputed.  *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on*

7  *other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

8  **IV.    LEGAL ARGUMENT**

9  **A.    Plaintiffs' Claim For Wrongful Foreclosure Fails**

10      In support of their first cause of action for wrongful foreclosure, Plaintiffs claim

11  that Defendants "do not have the power of sale under the [DOT], as the instruments upon

12  which Defendants rely for said power are tainted with fraud, false (*sic*), forged and

13  fabricated and that no chain of title can be established in this instance."  Compl. ¶ 42.

14  However, Plaintiffs' claim fails because they cannot preemptively challenge Defendants'

15  standing to initiate foreclosure, the judicially noticeable documents establish Defendants'

16  authority to initiate foreclosure, and Plaintiffs still do not allege tender.

17      **1.    Plaintiffs May Not Preemptively Challenge Standing To Foreclose**

18      It is well-settled under California law that a borrower may not bring a preemptive

19  suit to challenge the standing of his lender to perform nonjudicial foreclosure.  *Gomes v.*

20  *Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011); *Robinson v.*

21  *Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 (2011).  As in *Gomes*, Plaintiffs

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    challenge Defendants' rights pursuant to the Note and DOT and their standing to initiate

2    foreclosure proceedings.  Compl. ¶¶ 42-59.  However, Plaintiffs cannot maintain any

3    cause of action on this basis.  Furthermore, the public record shows that Defendants no

4    longer have an interest in the Loan or Property.  *See* RJN, Exh. B.  Indeed, Plaintiffs

5    admit that Nationstar, not Defendants, is the current servicer of their Loan.  Compl. ¶ 35.

6        **2.**       **The Public Record Shows That Foreclosure Was Properly Initiated**

7        California's non-judicial foreclosure framework, Civil Code sections 2924-2924i,

8    is exhaustive.  *See Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994).  Under these

9    statutes, if a deed of trust contains an express provision granting a power of sale, a

10   *"trustee, mortgagee or beneficiary or any of their authorized agents"* may institute the

11   foreclosure process.  Civ. Code § 2924(a)(1) (emph. added).  The law further provides

12   that a "person authorized to record the notice of default or the notice of sale" includes "an

13   agent for the mortgagee or beneficiary, an agent of the named trustee, *any person*

14   *designated in an executed substitution of trustee*, or an agent of that substituted trustee."

15   Civ. Code § 2924b(b)(4) (emph. added).

16       Here, the DOT explicitly identified BANA as the lender and beneficiary

17   thereunder and includes a power of sale.  RJN, Exh. A, pp. 1-3.  Thus, BANA validly

18   transferred the interest to U.S. Bank on September 27, 2010 (over three months before

19   the First NTS was recorded) – granting U.S. Bank the authority to foreclose under the

20   DOT in the event of Plaintiffs' default.  *See* RJN, Exh. B; *see also*, Compl. Exh. C.  Upon

21   Plaintiffs' default, the NOD was recorded on September 29, 2010, and the First NTS was

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 4 -

1    recorded on January 3, 2011.  Compl. Exh. B, C.   Because the public record shows a

2    clear chain of title, this Court must consider the facts in these documents over Plaintiffs'

3    inconsistent and unsupported allegations.  *See McGlinchy,* 845 F.2d at 810.  Also, to the

4    extent Plaintiffs assert that the Loan was improperly securitized in that BANA had no

5    authority to transfer its beneficial interest after the closing date of the trust[1] [Compl.

6    ¶ 44], courts resoundingly reject claims that securitization changes the rights or

7    obligations of parties to a loan.  *See, e.g., Bascos v. Fed. Home Loan Mortg. Corp.*, Civil

8    No. 11-39680-JFW (JCx), 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011); *Lane v.*

9    *Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010).

10   **3.      Plaintiffs' "Robo-Signing" Allegations Fail As A Matter Of Law**

11          Federal courts in California routinely dismiss claims based on "robo-signing"

12   allegations because irregularities in the signing or assignment of the security interests do

13   not prejudice borrowers.  *See, e.g., Pedersen v. Greenpoint Mortg. Funding, Inc.,* 900

14   F.Supp.2d 1071, 1083 (E.D. Cal. 2012).  This is because in the case of default, "[t]he

15   foreclosure would occur regardless of what entity was named as trustee, and so [the

16   borrower] suffered no injury" as a result of the robo-signing.  *Javaheri v. JPMorgan*

17   *Chase Bank,* 2012 WL 3426278, at *6 (C.D. Cal. 2012); *Gilmore v. Am. Mortg. Network*,

18   2012 WL 6193843, at *8-10 (C.D. Cal. 2012) (same); *see also, Jenkins v. JP Morgan*

19   _____

20   [1] Numerous California courts have rejected arguments pertaining to the closing date of a trust and its impact on securitization, ruling instead that borrower's lack standing to challenge such an assignment. *See, e.g., Keshtgar v. U.S. Bank, N.A.*, 172 Cal. Rptr. 3d 818, 822 (2014); *see also Yvanova  v. New Century Mortgage Corp.*, 226 Cal. App. 4th 495, 502 (2014)

21

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    *Chase Bank*, 216 Cal.App.4th 497, 514-15 (2013) (court affirmed dismissal over

2    plaintiff's allegations of "robo-signing").   Similarly, Plaintiffs here have not set forth any

3    plausible claim that the documents in the chain of title were fabricated, and cannot rely

4    on conclusory claims of "robo-signing" to support any cause of action.

5             **4.       Plaintiffs Fail To Allege Tender Of The Amount Due On The Loan**

6             California courts have held that, "[w]hen a debtor is in default of a home mortgage

7    loan, and a foreclosure is either pending or has taken place, the debtor must allege a

8    *credible* tender of the amount of the secured debt to maintain any cause of action for

9    wrongful foreclosure."  *Alicea v. GE Money Bank*, No. 09-0091, 2009 WL 2136969, at

10   *3 (N.D. Cal. July 16, 2009) (citing California law) (emph. added)[2]  Here, Plaintiff does

11   not allege an ability or willingness to tender the amount due on his loan.  Quite the

12   opposite, in fact, as the Third NTS indicates that Plaintiffs had an outstanding balance of

13   $1,012,927.13 remaining on their Loan as of November 2013, demonstrating Plaintiffs'

14   inability to tender.  Compl. Exh. E.  Indeed, if Plaintiffs had been able to tender their

15   entire obligation, foreclosure would not have been initiated.  Compl. Exh. B.

16   **B.      Plaintiffs' Fraud-Based Claims Are Time-Barred And Insufficiently Pleaded**

17            In their second and third causes of action for fraud, Plaintiffs assert that

18   ---

     [2] *See also U.S. Cold Storage of Cal. v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214,
19   1222 (1985); *Pantoja v. Countrywide Home Loans*, 640 F. Supp. 2d 1177, 1183 (N.D. Cal.
     2009).  This requirement applies to "any cause of action for irregularity in the sale procedure."
     *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101, 1109 (1996).  The rule also "applies to any
20   causes of action implicitly integrated with the foreclosure process."  *Arnolds Mgmt. Corp. v.
     Eischen*, 158 Cal. App. 3d 575, 579 (1985)). "To hold otherwise would permit plaintiffs to state
     a cause of action without the necessary element of damage to themselves." *Id.* at 580.

21

- 6 -

Defendants concealed information from them during the Loan's origination in 2006.

Compl. ¶¶ 61-77.  However, Plaintiffs claims are time-barred and inadequately pleaded.

### 1.    Plaintiffs' Fraud-Based Claims Are Time-Barred

Fraud is subject to a three-year statute of limitations.  Code Civ. Proc. § 338(d).

Moreover, a plaintiff has a duty to exercise diligence to discover the facts constituting

fraud.  *Lee v. Escrow Consultants, Inc.*, 210 Cal. App. 3d 915, 921 (1989).  Here, all of

Plaintiffs' allegations are based on Defendants' purported failure to disclose certain

information when the Loan was originated in 2006.  Compl. ¶¶ 61-77.  Thus, any claim

for fraud was required to have been brought by May 18, 2009 – three years after

Plaintiffs executed the loan documents.  RJN, Exh. A.  Thus, Plaintiffs' attempt to bring

these claims, over *5 years* after the statute of limitations period ended, fails.

### 2.    Plaintiffs Fail To Meet The Heightened Pleading Standard For Fraud

Plaintiffs' fraud-based claims do not provide facts sufficient to meet the

heightened pleading standards for fraud.  The pleading standards for fraud are well-

settled.  In California, a plaintiff must allege: "(a) misrepresentation (false representation,

concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to

defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar*

*v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996).  Further, "the allegations in a fraud action need

not be liberally construed."  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App.

3d 1324, 1331 (1986).  Rather, plaintiffs must plead every element of the cause of action

with specificity. *Goldrich v. Natural Y Surgical Specialties*, 25 Cal. App. 4th 772, 782

- 7 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   (1994); *see also Lazar*, 12 Cal. 4th at 645.  In addition, when pleading fraud against a

2   corporate defendant, the requirements are even greater – a plaintiff must "allege the

3   names of the persons who made the allegedly fraudulent representations, their authority

4   to speak, to whom they spoke, what they said or wrote, and when it was said or written.*"*

5   *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).[3]

6         Here, while Plaintiffs allege that Defendants concealed terms of the Loan at

7   origination [Compl. ¶¶ 61-77], they still fail to allege facts sufficient to show that

8   Defendants engaged in any behavior constituting fraud.

9       **3.**     **Plaintiffs Have Failed To Allege Actionable Fraud**

10         Additionally, a lender's efforts to "determine creditworthiness and ability to repay

11   by a borrower are for the lender's protection, not the borrower's." *Perlas v. GMAC*

12   *Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010); *see also Nymark v. Heart Fed. Sav. &*

13   *Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 n.1 (1991); *Wagner v. Benson*, 101 Cal. App.

14   3d 27, 34-35 (1980); *Cross v. Downey Sav. & Loan Ass'n*, 2009 WL 481482, at *5 (C.D.

15   Cal. 2009); *see also Coyotzi v Countrywide Fin. Corp.*, No. 09-1036, 2009 WL 2985497,

16   _____

[3] Moreover, the Federal Rules of Civil Procedure require a plaintiff to "state with particularity

17   the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b); *see also Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001).  Although a pleading alleging fraud need

18   not provide anything more than notice of the claim, it must contain "a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially

19   damaging allegations of immoral and criminal conduct." *Id.*  Thus, a plaintiff must plead "'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *Id.* (quoting

20   *Bennett v. Burg*, 685 F.2d 1053, 1062 (8th Cir.), adhered to on reh'g, 710 F.2d 1361 (8th Cir. 1982) (en banc)).  "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Commercial Prop. v. Quality Inns*, 61 F.3d 639, 644 (8th Cir. 1995); *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, (8th Cir. 2002).

21

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

at *12 (E.D. Cal. Sept. 16, 2009).  To be actionable as fraud, a "representation must ordinarily be about past or existing facts; predictions about future events, or statements about future action by some third party, are deemed opinions, and not actionable fraud." *See Richard P. v. Vista Del Mar Child Care Serv.*, 106 Cal. App. 3d 860, 864 (1980).[4]

The terms of Plaintiffs' loan are stated clearly in the loan documents, and Plaintiffs had a duty to read such terms before signing.  *See* RJN, Exh. A; *see also*, *e.g.*, *Rowland*, 4 Cal. App. 4th at 286.  Plaintiffs cannot now maintain an action for fraud, over ***eight years*** after obtaining their loan, as a result of their own failure to read the Loan's terms.

### 4.   Plaintiffs Also Fail To Allege Justifiable Reliance Or Damages

Plaintiffs also fail to allege any facts showing justifiable reliance, as is required to support a fraud claim. *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 976 (1997); *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1092 (1993).[5]  Additionally, to state a

---

[4] Where documents in a conventional loan transaction clearly indicate the loan terms "there [is] no need for the [lender] to explain what was stated in black and white." *Kim v. Sumitomo Bank*, 17 Cal. App. 4th 974, 980-981 (1993).  Where a person who is capable of reading and understanding an instrument signs an agreement, that person is bound by the contents of the agreement and is estopped from later arguing that the provisions of the agreement are contrary to his understanding. *Knox v. Modern Garage & Repair Shop*, 68 Cal. App. 583, 587 (1924).  Indeed, "[r]easonable diligence requires the reading of a contract before signing it." *Rowland v. PaineWebber Inc.*, 4 Cal. App. 4th 279, 286, (1992); *Rosenthal v. Great W. Fin. Securities Corp.*, 14 Cal. 4th 394, 423 (1996).

[5] "Actual reliance occurs when a misrepresentation is an immediate cause of [a plaintiff's] conduct, which alters his legal relations, and when, absent such representation, the plaintiff would not, in all reasonable probability, have entered into the contract or other transaction." *Engalla*, 15 Cal. 4th at 976 (citations omitted).  However, "[r]eliance on an alleged misrepresentation is not reasonable when plaintiff could have ascertained the truth through exercise of reasonable diligence." *Rowland v. Webber, Inc.*, 4 Cal. App. 4th 279, 286 (1992). "Reasonable diligence requires the reading of a contract before signing it." *Brookwood v. Bank of Am.*, 45 Cal. App. 4th 1667, 1674 (1996).  Moreover, reliance must be reasonable. *Dore v. Arnold Worldwide, Inc.*, 39 Cal. 4th 384, 393 (2006).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 9 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   valid fraud claim, a plaintiff must allege facts showing that he has suffered an identifiable

2   out-of-pocket loss.  Civ. Code § 1709; *Fladeboe v. Am. Isuzu Motors, Inc.*, 150 Cal. App.

3   4th 42, 66 (2007).  A deception without a resultant monetary loss is not actionable fraud.

4   *Stephenson v. Argonaut Ins. Co.*, 125 Cal. App. 4th 962, 974-75 (2004).

5        Here, Plaintiffs fail to show any connection between Defendants' purported

6   conduct and any action taken by them in reliance, as it was Plaintiffs' own failure to pay

7   their mortgage loan that resulted in their delinquency.  *See* RJN, Exh. B (the NOD

8   reflects an arrearage of $24,613.57 as of September 2010).  Moreover, Plaintiffs had a

9   duty to read the terms of their Loan before signing.  *See*, *supra*, section IV(B)(3).

10  **C.**    **Plaintiffs' Section 2923.5 Claim Fails Because Defendants Have No Interest**

11       **In The Loan, And Plaintiffs Fail To Allege Prejudice[6]**

12       Plaintiffs assert that Defendants violated section 2923.5 by recording the NOD

13  without first contacting them to explore alternatives to foreclosure.  Compl. ¶¶ 80-94.

14  Yet, Plaintiffs do not allege prejudice as a result of any purported conduct by Defendants.

15  Moreover, Defendants no longer have an interest in the Loan.  Thus, the only entity

16  currently servicing the Loan, Nationstar, is able to comply with any delay of a sale – the

17  only remedy available under the statute at the time the NOD was recorded in 2010.

18       **1.**    **Defendants Have No Interest In The Loan**

19

20  [6] Despite the fourth cause of action titled as "violations of California Civil Code sections 2923.5 & 2424 (*sic*)," the entire claim is predicated only on allegations of 2923.5, and not 2924.  In any event, Defendants address the section 2924 allegations, *supra*, section IV(A).

21

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Section 2923.5, as it existed in 2010 when the NOD was recorded, provides, in

2 pertinent part, that, before it may record a notice of default to commence the nonjudicial

3 foreclosure process, a lender must do one of two things unless a specified exception

4 applies. *Id.* § 2923.5(a)(1), (a)(2), (g). Either, the lender "shall contact the borrower in

5 person or by telephone in order to assess the borrower's financial situation and explore

6 options for the borrower to avoid foreclosure." *Id.* § 2923.5(a)(2). Or at least, the lender

7 shall "satisfy[ ]" specified "due diligence requirements" in an attempt to make such

8 contact. *Id.* § 2923.5(a)(1). In the event of a breach, Section 2923.5 provides only *one*

9 remedy: delay of a pending foreclosure sale to allow the lender to comply with the

10 statute. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010).

11    Plaintiffs admit that the loan was service released to Nationstar in 2013. Compl.

12 ¶ 35. Further, the public record shows that BANA transferred its beneficial interest to

13 U.S. Bank in 2010. RJN, Exh. B. As such, Defendants no longer have a continuing

14 interest in the Loan – a fact that Plaintiffs recognize by requesting the Court to "prohibit

15 defendant Nationstar from exercising the power of sale," and requesting no such

16 prohibition on Defendants. Compl. ¶ 96. As such, the only available remedy to Plaintiffs

17 – postponement of a pending sale – can only be met by Nationstar, and not Defendants.

18    **2.    Plaintiffs Fail To Allege Prejudice**

19    A plaintiff must also allege that he suffered prejudice as a result of Defendants'

20 actions. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186-87

21 (N.D. Cal. 2009); *Knapp v. Doherty*, 123 Cal. App. 4th 76, 94 (2004); *see also Lehner v.*

- 11 -

1  *United States*, 685 F.2d 1187, 1190-91 (9th Cir. 1982).  Here, Plaintiffs cannot allege

2  they were prejudiced by any foreclosure proceedings initiated by the NOD as no sale is

3  alleged to have taken place.  Notably, any prejudice resulting from the initiation of

4  foreclosure proceedings was a result of their own default.  *See* Compl. Exh. B.

5  **D.     Plaintiffs Have Not Alleged Facts Establishing A Violation Of The**

6  **Homeowner's Bill Of Rights ("HBOR")**

7         In their fifth cause of action for violation of HBOR, Plaintiffs, without actually

8  referencing a specific section of the statute, perfunctorily allege that "the loan

9  modifications offered by Defendants are equivalent to no offer," and that Nationstar

10  should be compelled to offer yet another loan modification to Plaintiffs.  Compl. ¶¶ 99,

11  100-101.  However, HBOR is not retroactive to pre-2013 conduct, and the statute

12  imposes no duty on Defendants to offer Plaintiffs yet another loan modification.

13         **1.     The Statute Is Not Retroactive**

14         To the extent Plaintiffs rely on conduct occuring prior to 2013 [*see, e.g.*, Compl.

15  ¶¶ 15-31], this conduct does not fall under the purview of HBOR.  California courts have

16  recognized that a "retrospective law is one which affects rights, obligations, acts,

17  transactions and conditions which are performed or exist prior to the adoption of the

18  statute."  *See Aetna Cas. & Surety Co. v. Indus. Accident Comm'n*, 30 Cal. 2d 388, 391

19  (1947) (citation and quotations omitted).  It is well-established that a provision that does

20  not expressly call for retrospective application is presumed to operate only prospectively.

21         Specifically, Civil Code Section 3 states, "No part of [this Code] is retroactive, unless

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    expressly so declared." It is long established that "Section 3 of the Civil Code embodies

2    the common law presumption against retroactivity." *In re Marriage of Bouquet*, 16 Cal. 3d

3    583, fn. 3 (1976). Further, "in the absence of an express retroactivity provision, a statute

4    will not be applied retroactively unless it is very clear from extrinsic sources that the

5    Legislature or the voters must have intended a retroactive application." *Evangelatos v.*

6    *Superior Court*, 44 Cal. 3d 1188, 1209 (1988). To overcome this presumption, a new law

7    must either contain an express statement of retroactivity, or it must be evident from

8    extrinsic sources. *See People v. Whaley*, 160 Cal. App. 4th 779, 794 (2008).[7] Thus, to the

9    extent Plaintiffs assert conduct that occurred before 2013 (*e.g.*, their attempts at obtaining

10   a loan modification since 2010), the allegations fail because the statute is not retroactive.

     **2.**     **The Statute Does Not Impose A Duty To Modify Plaintiffs' Loan**

12        While Plaintiffs fail to reference any specific statutory section under HBOR, their

13   claim is based on their perfunctory allegation that they made numerous requests to

14   Defendants for a loan modification "only to be offered shame loan modifications with

15   unattainable terms." *Id.* at ¶ 99. Under their claim, Plaintiffs seek to compel Nationstar

16   to provide them with a loan modification. *Id.* at ¶¶ 100-101. However, the statute, both

---

[7] Applying this principle to the matter at hand, there is nothing in the language of the HBOR that expressly indicates that the statutes are to apply to events that took place prior to January 1, 2013. Moreover, there is no indication from extrinsic sources, such as the legislative history, to infer retroactive application. Indeed, the introduction of AB 278 addresses "[e]xisting law, until January 1, 2013," distinguishing the new laws from the pre-January 1, 2013 laws. Each of the new Civil Code sections also clearly state the timeframe as to which the law is to remain in effect, but is silent as to its retrospective application. There is no "unequivocal and inflexible" statement within the new laws that HBOR need be applied retroactively. *Security Indus. Bank*, 459 U.S. at 79. Accordingly, this Court must hold that the new laws enacted under the HBOR apply only prospectively to events and occurrences taking place on or after January 1, 2013.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   now and as it existed before 2013, does not require Defendants to modify the Loan.

2       Indeed, section 2923.6 does not impose on lenders or servicers a duty to modify a

3   borrower's loan.  *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1052 (E.D. Cal.

4   2009); *Paek v. Plaza Home Mortg., Inc.*, No. 09-1729, 2009 WL 1668576, at *3 (C.D.

5   Cal. Jun. 15, 2009); *Tapia v. Aurora Loan Services, LLC*, No. 09-01143, 2009 WL

6   2705853 at *2 (E.D. Cal. 2009) 2009 WL 2705853.  Despite the fact that BANA had no

7   statutory duty under Section 2923.6 to provide Plaintiffs with a loan modification review,

8   let alone give him a modification, Plaintiffs admit to having pursued a loan modification

9   with BANA multiple times since 2010.  Compl. ¶¶ 15-33.  Notably, ***Plaintiffs admit that***

10  ***BANA did offer them a loan modification, and that they simply declined the offer.***[8]  *Id.*

11  at ¶ 32.  Such an admission directly undermines Plaintiffs' position that Defendants were

12  required to provide him with a loan modification.  *Id.* at ¶ 99.

13  **E.    Plaintiffs Fail To State A Claim Under The Real Estate Settlement**

14        **Procedures Act ("RESPA")**

15      Section 2605 provides:  "Whoever fails to comply with this section shall be liable

16  to the borrower . . . [for] any actual damages to the borrower as a result of the failure . . .

17  ."  12 U.S.C. § 2605(f)(1)(A).  "However, alleging a breach of RESPA duties alone does

18  not state a claim under RESPA.  Plaintiffs must, at a minimum, also allege that the breach

19  resulted in actual damages."  *Swanson v. EMC Mortg. Corp.*, 2009 WL 3627925, at *7

20  _____

21  [8] Further, Plaintiffs admit that they were offered a loan modification from Nationstar in
    December 2013, but they turned down this offer as well.  Compl. ¶ 36.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   (E.D. Cal. Oct. 29, 2009). Courts routinely dismiss claims for alleged violations of

2   RESPA at the pleading stage where the plaintiff fails to allege facts sufficient to

3   demonstrate that the breach resulted in actual damages. *See e.g., Bhandari v. Capital*

4   *One, N.A.*, Case No. 5:12-cv-4533-PSG, 2012 U.S. Dist. LEXIS 182317, at *13-14; *Allen*

5   *v. United Fin. Mortgage Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009); *Hamilton*

6   *v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1175 (E.D. Cal. 2010).

7         Here, Plaintiffs fail to provide any facts demonstrating a violation of the statute by

8   Defendants. Moreover, even if Plaintiffs had been able to establish any such violation –

9   which they cannot – Plaintiffs still fail to assert any facts evidencing any damages as a

10   result of Defendants' conduct. Compl. ¶¶ 103-106. For these reasons, the claim fails.

11   **F.**     **Plaintiffs' Claim For Violation Of The Truth In Lending Act ("TILA") Is**

12           **Time-Barred And Insufficiently Pleaded, Rescission Is Not Applicable To**

13           **Residential Mortgage Loans, And Plaintiffs Fail To Allege Tender**

14         In support of their seventh cause of action, Plaintiffs allege that Defendants did not

15   make appropriate disclosures at the origination of the Loan, purportedly in violation of

16   TILA. Compl. ¶¶ 110-111. Yet, Plaintiffs' claim is time-barred, the remedy of rescission

17   is not applicable, Plaintiffs fail to allege tender, and the claim is insufficiently pleaded.

18         **1.**     **Plaintiffs' Claim Under TILA Is Time-Barred**

19         The statute of limitations for a TILA *damage* claim is "within one year from the

20   date of the occurrence of the violation." 15 U.S.C. § 1640(e); *Monaco v. Bear Stearns*

21   *Residential Mortg. Corp.,* 554 F. Supp. 2d 1034, 1039 (C.D. Cal. 2008). The statute of

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

- 15 -

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   limitations is triggered when the borrower enters into the loan agreement with the

2   creditor. *See, e.g., King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).   Moreover, a

3   TILA *rescission* claim is subject to a three-year statute of limitations. *See* 15 U.S.C. §

4   1635(f).  The "date of consummation" of the transaction is the date on which the loan is

5   signed. *See, e.g.,* 12 C.F.R. § 226.2(a)(13); *King v. California*, 784 F.2d 910, 915 (9th

6   Cir. 1986).  Section 1635(f) represents an ***"absolute limitation on rescission actions"***

7   which bars any claims filed more than three years after the consummation of the

8   transaction. *King*, 784 F. 2d at 913 (emph. added); *Miguel v. Country Funding Corp.*,

9   309 F.3d 1161, 1164-65 (9th Cir. 2002).[9]

10      Here, Plaintiffs' allegations under TILA concern Defendants' purported failure to

11  disclose certain information at the origination of the Loan, which occurred in 2006.

12  Because Plaintiffs have only now initiated this action, over ***five years*** after their claim for

13  rescission under the statute expired, and because Plaintiffs fail to allege any facts as to

14  why they could not have discovered the purported misrepresentations earlier, Plaintiffs'

15

16  [9] Moreover, despite Plaintiffs' perfunctory assertion that the statute of limitations should be extended [Compl. ¶ 109], TILA provides that "the right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, *notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor.*" 15 U.S.C. § 1635(f) (emph. added).  The Ninth Circuit has recognized that "Section 1635 is a statute of repose, depriving the courts of subject matter jurisdiction when a section 1635 claim is brought outside the three year limitation period." *Miguel*, 309 F.3d at 1164 (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410 (1998)); *see also Ramos v. Citimortgage, Inc.*, No. 08-02250 WBS KJM, 2009 WL 86744, at *3 (E.D. Cal. Jan. 8, 2009); *Herrera v. Countrywide KB Home Loans,*, No. 10-0902 JF (HRL), 2010 WL 1839010, at *4 (N.D. Cal. May 4, 2010).  This is true even where plaintiff provides timely notice of the rescission within the three year limitations period. *McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1326-1327 (9th Cir. 2012).

17

18

19

20

21

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

claim is barred by the applicable statute of limitations.

**2.    The Remedy Of Rescission Under TILA Does Not Apply**

As a matter of law, the right to rescission under TILA "does *not* apply to a *residential mortgage transaction* as defined in section 1602(w)." 15 U.S.C. § 1635(e)(1) (emph. added). Section 1602(w), in turn, provides that "the term '*residential mortgage transaction*' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to *finance the acquisition or initial construction* of such dwelling"). *Id.* § 1602(w) (emph. added).[10]

Here, Plaintiffs admit that their Loan is a residential mortgage transaction. Compl. ¶¶ 16-18. Quite simply, Plaintiffs cannot seek rescission of the loan documents under TILA because residential mortgage loans are exempt from such remedy.

**3.    Plaintiffs Do Not Allege Tender Of The Borrowed Funds**

Plaintiffs TILA claim fails for the additional reason that Plaintiffs offer no evidence that they have tendered, or can tender, the borrowed funds back to the lender. *See Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1171 (9th Cir. 2003); *see also Garcia v. Wachovia Mortg. Corp.*, No. 09-03925, 2009 WL 3837621, at *3 (C.D. Cal. Oct. 14,

---

[10] Case law confirms that sections 1602(w) and 1635(e)(1) exempt residential mortgage transactions from the right of rescission. *See, e.g., Cataulin v. Wash. Mut. Bank, SFB*, No. 08 CV 2419 JM (NLS), 2009 WL 648921, at *4 (S.D. Cal. Mar. 9, 2009); *Turczynksi v. Friedman*, No. CIV-S-07-0890 RRB GGH PS, 2007 WL 4556923, at *4 (E.D. Cal. Dec. 20, 2007). If used to purchase the consumer's dwelling, different types of mortgages may constitute a residential mortgage transaction, including purchase money mortgages and home equity lines of credit. *Rivera v. BAC Home Loans Servicing, LP*, No. C-10-02439RS, 2010 WL 2757041, at *3.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  2009).  Indeed, as noted *supra*, section IV(A)(2), tender is not alleged, and the claim fails.

2  **4.   Plaintiffs' Claim Is Also Inadequately Pleaded**

3  In order to state a TILA claim, a plaintiff must specifically plead the details of his

4  loan and accompanying disclosures, which disclosures plaintiffs allege were improperly

5  given, and how they were improper. *See Marks v. Chicoine*, No. 06-06806, 2007 WL

6  160992, at *7 (N.D. Cal. Jan. 18, 2007); *Justice v. Countrywide Home Loans, Inc.*, No.

7  05-008, 2006 WL 141746, at *2 (E.D. Tenn. Jan. 18, 2006).  Further, a party waives his

8  right to rescind where that party has received the benefits of the contract.  *See Gill v.*

9  *Rich,* 128 Cal. App. 4th 1254, 1264 (2005); *see also* Civ. Code § 3515; *id.* § 3521.

10  Here, Plaintiffs fail to plead which disclosures, if any, were improper and *how* they

11  were improper.  Compl. ¶¶ 108-112.  Likewise, Plaintiffs fail to plead detrimental

12  reliance on any allegedly inadequate disclosure  – also a necessary element of any claim

13  for actual damages based upon an alleged TILA violation.  15 U.S.C. § 1640(a); *Gold*

14  *Country Lenders v. Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002).

15  **G.   Plaintiffs' Promissory Estoppel Claim Is Insufficiently Pleaded[11]**

16  In their ninth cause of action for promissory estoppel, Plaintiffs allege that

17  Defendants promised, at the Loan's origination in 2006, that they "would be able to

18  refinance at a lower more affordable rate and at no cost."  Compl. ¶ 120.  Plaintiffs claim

19  that Defendants broke their promise when BANA allegedly refused to refinance the loan.

20  [11] Because Plaintiffs' cause of action for violation of the UCL is predicated on their other
defective causes of action, it is addressed *infra*, section IV(J).

21

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   *Id.* However, Plaintiffs fail to provide any facts sufficient to plead their claim.

2   California courts have adopted the Restatement's view on promissory estoppel,

3   requiring:  "(1) a promise clear and unambiguous in its terms; (2) reliance by the party to

4   whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and

5   (4) the party asserting the estoppel must be injured by his reliance." *U.S. Ecology, Inc. v.*

6   *State*, 129 Cal. App. 4th 887, 901 (2005).  "Cases have characterized promissory estoppel

7   claims as being basically the same as contract actions, but only missing the consideration

8   element, and therefore the damages recoverable logically are, like in a contract case,

9   limited to those caused by the breaching party." *Id.* at 902.  ***Where the alleged promise***

10   ***is conditional on its face, the purported promise is not "clear and unambiguous in its***

11   ***terms" and a claim for promissory estoppel must fail.*** *Laks v. Coast Fed. Savs. & Loan*

12   *Ass'n.*, 60 Cal. App. 3d 885, 891 (1976) (emph. added).

13   Here, Plaintiffs have not sufficiently pleaded a "clear and unambiguous promise."

14   Indeed, Plaintiffs cannot base their claim on anything other than the mere possibility that

15   their Loan *could be* refinanced, not that it actually was going to be refinanced.  *See, e.g.*,

16   Compl. ¶¶ 120.  Further, Plaintiffs do not allege ***facts*** supporting their claim that their

17   reliance was justified.  Instead, they only assert, in circular fashion, that they relied on

18   BANA's purported promise that their loan could be refinanced because BANA was their

19   lender.  Compl. ¶ 121.  Moreover, Plaintiffs fail to allege that they would have sought

20   other remedies without reliance upon the alleged promise.  Plaintiffs' vague and general

21   allegations are insufficient and simply do not allege an irremediable change of position.

- 19 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Finally, Plaintiffs fail to allege facts that demonstrate that BANA's actions were the

2   *direct* cause of injury. *U.S. Ecology*, 129 Cal. App. 4th at 904-905. Plaintiffs merely

3   assert that they have "suffered special and general damages in an amount according to

4   proof." Compl. ¶ 125. However, any alleged monetary damages incurred by Plaintiffs

5   are a direct result of their default and their own failure to make payments on their Loan,

6   not because of BANA's alleged breach of any purported promise.

7   **H.     Plaintiffs' Claim For Rescission Is Time Barred, Fails For Lack Of Tender,**

8   **        And Is Insufficiently Pleaded**

9           In their tenth cause of action for rescission, Plaintiffs assert that they are entitled to

10  rescind the Note and DOT due to Defendants purported "fraudulent misrepresentations,

11  wilful failure to make required disclosures, TILA violations, and for public policy

12  reasons." Compl. ¶ 128. However, Plaintiffs claim is barred by the applicable statute of

13  limitations, fails for lack of tender, and is insufficiently pleaded.

14          An action for rescission of contract based on fraud is four years. Code Civ. Proc. §

15  337(3). Further, a prerequisite to a rescission action is that a mortgagor must first pay the

16  outstanding debt on which the subject mortgage is based. *Star Pac. Invs., Inc. v. Oro*

17  *Hills Ranch, Inc.*, 121 Cal. App. 3d 447, 457-58 (1981). Finally, rescission requires a

18  showing that "the consent of the party rescinding . . . was given by mistake, or obtained

19  through duress, menace, fraud, or undue influence." Civ. Code § 1689(b)(1); *see*

20  *NMSBPCSLDHB v. Cnty. of Fresno*, 152 Cal. App. 4th 954, 959 (2007). A plaintiff must

21  plead "facts which entitle her to rescind . . . ." Civ. Code § 1691.

- 20 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Here, as a preliminary matter, Plaintiffs' claim is again based on Defendants'

2  purported failure to disclose certain information when the Loan was originated in 2006.

3  Compl. ¶¶ 128-130.  As similarly detailed *supra*, section IV(B)(2), Plaintiffs' claim for

4  rescission was required to have been brought by May 18, 2010 – four years after

5  Plaintiffs executed the loan documents.  RJN, Exh. A.  Thus, Plaintiffs' attempt to bring

6  this claim, over *4 years* after the statute of limitations period ended.  Even if Plaintiffs'

7  claim were timely, which it is not, it would still fail because, as explained *supra*, section

8  IV(A)(3), Plaintiffs do not allege to have made credible tender of their outstanding debt.

9  Further, Plaintiffs fail to provide any factual support sufficient to show that their signing

10  of the loan documents was due to "mistake […] duress, menace, fraud, or undue

11  influence."  Civ. Code § 1689(b)(1); *see NMSBPCSLDHB*, 152 Cal. App. 4th at 959.

12  **I.    Plaintiffs' Quiet Title Claim Fails For Lack Of Tender**

13  In their eleventh cause of action, Plaintiffs assert that they are entitled to sole title

14  to the Property.  Compl. ¶¶ 132-133.  However, it is well-established that a borrower may

15  not maintain a quiet title action against a mortgagee without first paying the outstanding

16  debt on which the subject mortgage is based.  *Miller v. Provost*, 26 Cal. App. 4th 1703,

17  1707 (1994); *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057

18  (N.D. Cal. 2009); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974); *Gaitan v. Mortg.*

19  *Elec. Registration Sys., Inc.*, No. 09-1009 VAP (MANx), 2009 WL 3244729 at *12 (C.D.

20  Cal. Oct. 5, 2009).  Not only does Plaintiff fail to credibly allege tender [*see, supra,*

21  section IV(A)(3)], the public record shows that Plaintiffs accepted the proceeds of the

- 21 -

1   Loan [RJN, Exh. A], and Plaintiffs do not allege that they have repaid it.

2   **J.      Plaintiffs Fail To State A Claim For Either Declaratory Or Injunctive Relief**

3           In their twelfth and thirteenth causes of action for declaratory and injunctive relief,

4   respectively, Plaintiffs seek a declaration that Defendants possess no ownership interest

5   in the Property and that Defendants be enjoined from selling the Property.  Compl.

6   ¶¶ 137-146.  Yet , Plaintiff has no basis for his claim, as injunctive relief is a remedy and

7   not a cause of action.  *See, e.g., County of Del Norte v. City of Crescent City*, 71 Cal.

8   App. 4th 965, 973 (1999).  Injunctive relief is also not appropriate where no underlying

9   claim exists to support this relief.  *Cox Communications PCS, L.P. v. City of San Marcos*,

10  204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002).  Thus, a plaintiff seeking injunctive relief

11  has the burden to show a likelihood of success on the merits.  Civ. Proc. Code § 526(a).

12          Moreover, the Declaratory Judgment Act provides, "In a case of actual controversy

13  within its jurisdiction, . . . any court of the United States . . . may declare the rights and

14  other legal relations of any interested party seeking such declaration." 28 U.S.C. §

15  2201(a).  To award relief under the Declaratory Judgment Act, the district court must first

16  find that the action presents a case of actual controversy, as required by Article III of the

17  Constitution.  *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994).  "Article

18  III requires that there be a 'substantial controversy . . . of sufficient immediacy and reality

19  to warrant the issuance of a declaratory judgment.'" *Aydin Corp. v. Union of India*, 940

20  F.2d 527, 528 (9th Cir. 1991) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312

21  U.S. 270, 273, 61 S. Ct. 510, 512, 85 L. Ed. 2d 826 (1941)).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Here, Plaintiffs' claims fail because they have not stated a single, viable cause of

2   action against Defendants. *See supra*, sections IV(A)-(I), and *infra*, section IV(K). As

3   such, Plaintiffs fail to allege the existence of an actual controversy between the parties.

4   Moreover, Plaintiffs have not demonstrated a likelihood of success on the merits.

5   **K.     The UCL Claim Is Time-Barred And Insufficiently Pleaded**

6   Plaintiffs' eighth cause of action for violation of the UCL is based entirely on their

7   perfunctory allegations that Defendants failed to disclose various terms of the Loan at its

8   origination. However, Plaintiffs' claim is barred by the applicable statute of limitations.

9   Moreover, Plaintiffs lack standing and fail to allege any proscribed conduct by BANA.

10          **1.     Plaintiffs' UCL Claim Is Time-Barred**

11  The UCL prescribes a four-year statute of limitations. Bus. & Prof. Code § 17208.

12  The statute of limitations on a UCL cause of action begins to run when the claim

13  "accrues." *Id.*; *see also Snapp & Assocs. Ins. Servs., Inc. v. Malcolm Bruce Burlingame*

14  *Robertson*, 96 Cal. App. 4th 884 (2002). A claim accrues "upon the occurrence of the

15  last element essential to the cause of action." *Howard Jarvis Taxpayers Ass'n v. City of*

16  *La Habra*, 25 Cal. 4th 809, 815 (2001). Here, Plaintiffs' claim is based on Defendants'

17  purported failure to disclose information when the Loan was originated in 2006. Compl.

18  ¶¶ 115-117. As similarly detailed *supra*, section IV(B)(2), Plaintiffs' claim under the

19  UCL was required to have been brought by May 18, 2010 – four years after Plaintiffs

20  executed the loan documents. RJN, Exh. A.

21          **2.     Plaintiff Lacks Standing To Assert A UCL Claim**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    To have standing for a UCL claim, a private plaintiff must allege that he "has

2    suffered *injury in fact and has lost money or property*" as a result of the alleged unfair

3    practices.  Bus. & Prof. Code § 17204 (emph. added); *see R&B Auto Ctr., Inc. v. Farmers*

4    *Group, Inc.*, 140 Cal. App. 4th 327, 360 (2006).  Also, where plaintiff alleges a UCL

5    action against multiple defendants, he must allege that he "suffered injury in fact [or] lost

6    money or property as a result of [the alleged] unfair competition" of *each* defendant.  *See*

7    *Schulz v. Neovi Data Corp*, 152 Cal. App. 4th 86, 92 (2007).  Plaintiffs cannot premise a

8    claim for damages under the UCL on an alleged violation of Section 2923.5 because the

9    statute at the time it existed when the NOD was recorded provided for only postponement

10   of foreclosure.  *See Mabry*, 185 Cal. App. 4th at 208; Compl. Exh. B.[12]

11   Here, Plaintiffs' cannot claim property loss because they do not allege that the

12   Property has been sold.  Simply the *risk* of losing the Property due to Plaintiffs' own

13   default is not sufficient to maintain standing.  *See Schulz*, 152 Cal. App. 4th at 92.  And,

14   to the extent Plaintiffs would attempt to allege that their delinquency constitutes damages,

15   it is well-established that payments made pursuant to a valid promissory note do not

16   constitute damages.  *Auerbach v. Great W. Bank*, 74 Cal. App. 4th 1172, 1185 (1999).

17   ### 3.    Plaintiffs Do Not Allege Any Proscribed Conduct By Defendants

18   ---

[12] Thus, even if Plaintiffs could show a violation of Section 2923.5 – which they cannot – they
would have no damages, a necessary element of a UCL claim.  *Hamilton v. Greenwich Investors*
19   *XXVI, LLC*, 195 Cal. App. 4th 1602, 1617 (2011); *Stebley v. Litton Loan Servicing*, 202 Cal.
App. 4th 522, 526; *Ottolini v. Bank of America*, 2011 WL 3652501, at *5 (N.D. Cal. Aug. 19,
20   2011); *Tamburri v. Suntrust Mortg., Inc.*, 2011 WL 6294472, 16 -17 (N.D. Cal. 2011).  Such
reasoning is sound, as to allow section 2923.5 to serve as a basis for damages "would circumvent
the limited scope of relief provided by the statute."  *Ottolini*, 2011 WL 3652501 at *5.

21

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

NAVIGATION

1    The UCL claim also fails because Plaintiffs assert no facts showing proscribed

2    conduct.  The UCL requires a violation of the underlying law.  "In effect, the UCL

3    borrows violations of other laws ... and makes those unlawful practices actionable under

4    the UCL." *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999).[13]  Plaintiffs cannot

5    establish the "unlawful" prong of the UCL because, as discussed herein, they fail to state

6    a viable cause of action against Defendants.  Also, Plaintiffs fail to assert any facts

7    demonstrating that "members of the public" are likely deceived by Defendants' purported

8    conduct, given that Plaintiffs' allegations are limited to alleged conduct directed at them

9    from a private loan transaction.  Finally, Plaintiffs allege no facts under the unfair prong

10   to show Defendants' actions violated public policy or were "tethered to specific

11   constitutional, statutory, or regulatory provisions." *Scripps*, 108 Cal. App. 4th at 940.

## V.    CONCLUSION

13   For the reasons set forth above, Defendants request their Motion be granted in its

14   entirety, without leave to amend, and that the case be dismissed with prejudice.

---

[13] When asserting a claim under the UCL, "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation."  Under the "**unlawful**" prong, the UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).  Under a "**fraud**" theory, a plaintiff must show that "members of the public are likely to be 'deceived'" by the defendant's practices. *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009) (citing *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002)).  "**Unfair**" conduct in UCL actions must be violative of a public policy "tethered to specific constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Super. Ct.*, 108 Cal. App. 4th 917, 940 (2003).  "A plaintiff alleging unfair business practices [under the UCL] must state *with reasonable particularity* the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal.*, 14 Cal. App. 4th 612, 617 (1993) (emph. added).  Further, where a plaintiff premises his UCL claim on statutory violations, but fails to establish the underlying violations, the UCL claim fails as well. *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF
PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1      DATED:  July 18, 2014       REED SMITH LLP

2                               By____/s/ *Benjamin L. Wheeler*
                                 Benjamin L. Wheeler
3                               Attorneys for Defendants
                               Bank of America, N.A., and ReconTrust
                               Company, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 26 -

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 101 Second Street, Suite 1800, San Francisco, California 94105-3659. On July 18, 2014, I served the following document(s) by the method indicated below:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OF PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

☑    (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rules, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below.

| Attorney for Plaintiffs: | Attorney for Co-Defendant Nationstar Mortgage LLC: |
|---|---|
| Michelle Rheintgen, Esq. | Green & Hall, A Professional Corporation |
| 4590 MacArthur Blvd., 5th Floor | Howard D. Hall, Esq. |
| Newport Beach, CA 92660 | Michael E. Lisko, Esq. |
| Telephone: 866-600-7474 | 1851 East First Street, 10th Floor |
| | Santa Ana, CA 92705-4052 |
| | Telephone: 714-918-7000 |
| | Facsimile:  714-918-6996 |

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on July 18, 2014, at San Francisco, California.

Beth Gonshorowski

Beth Gonshorowski

REED SMITH LLP
A limited liability partnership formed in the State of Delaware